## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KEVIN DAWSON**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 11-2503**

**MICHAEL J. ASTRUE, COMMISSIONER**                     **SECTION "J" (3)**
**SOCIAL SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.      BACKGROUND

Plaintiff filed applications for a period of disability and for DIB on August 19, 2009, alleging a disability onset date of July 30, 2007. (Adm. Rec. at 10). Plaintiff alleged disability due to a back injury and high blood pressure. (*Id.* at 133). Plaintiff, born on June 6, 1970, was 37 years old on the date on which he alleged disability and 40 years old at the time of the final administrative decision. (*Id.* at 110). Plaintiff has an 11th-grade education and past work experience as a shoe salesman, a cashier, a delivery driver, a sweeper, an exterminator and a sales clerk. (*Id.* at 17, 140).

Defendant initially denied plaintiff's application on November 25, 2009. (*Id.* at 10). Plaintiff sought an administrative hearing, which the agency held on July 14, 2010. (*Id.* at 23-37). Plaintiff and an unnamed vocational expert ("VE") both testified at the hearing.

On July 26, 2010, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 10-18). In the decision, the ALJ concluded that plaintiff has the severe impairments of status-post laminectomy at L4-5, degenerative disc disease and hypertension. (*Id.* at 12). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 13). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work. (*Id.*). He concluded that plaintiff could perform his relevant past work as a shoe salesman, a cashier, a delivery driver, a sweeper, an exterminator and a sales clerk. (*Id.* at 17). The ALJ thus denied plaintiff's application for DIB. (*Id.* at 18).

On September 16, 2010, plaintiff asked the Appeals Council to review the ALJ's conclusion that he was not disabled. (*Id.* at 5). On August 30, 2011, the Appeals Council denied plaintiff's request. (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II.  STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez*

*v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or

4

combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.     ISSUES ON APPEAL

There are four issues on appeal:

(1)      Whether plaintiff is entitled to a default judgment against defendant.

(2)     Whether the ALJ was required to consult a vocational expert.

(3)     Whether the ALJ properly applied Medical-Vocational (Grid) Rule 202.18.

(4)     Whether substantial evidence supports the ALJ's conclusion that plaintiff failed to satisfy the requirements of Listing 1.04.

## V.     ANALYSIS

### 1.     Whether plaintiff is entitled to a default judgment against defendant.

Plaintiff argues that he is entitled to a default judgment against defendant because defendant failed to respond to the summons and complaint within 60 days.  In *Williams v. Califano*, the Seventh Circuit addressed this very issue:

> It is well established that judicial review of administrative determinations under the Social Security Act is severely limited.  *Johnson v. Weinberger*, 525 F.2d 403, 406-07 (7th Cir. 1975); *Lahr v. Richardson*, 476 F.2d 1088, 1090 (7th Cir. 1973); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971).  Section 405(g) establishes the standard for review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."  Section 405(h) makes that standard exclusive: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Even in the event of default by the government, the standard of review established by 42 U.S.C. s 405(g) (sic) and made exclusive by s 405(h) (sic) still holds.  Although Fed. R. Civ. P. 55(e) permits default judgment against the United States where "the claimant establishes his claim or right to relief by evidence satisfactory to the court," the claimant seeking judicial review cannot establish that right except by showing, in accordance with the exclusive standard of 42 U.S.C. s 405(g) (sic), that the Secretary's determination is not "supported by substantial evidence."

593 F.2d 282, 284 (7th Cir. 1979).  Indeed, the Fifth Circuit has held that "Rule 55(e) is designed to prevent a judgment from being entered against the government because of a procedural default, which is precisely what we find occurred here." *Carroll v. Sec'y, Dep't of Health, Educ. & Welfare*, 470 F.2d 252, 256 (5th Cir. 1972).  Here, a procedural default occurred, and plaintiff has wholly

failed to establish his claim by evidence satisfactory to the Court. Accordingly, this argument fails.

**2.      Whether the ALJ was required to consult a vocational expert.**

Plaintiff contends that the ALJ erred when he failed to heed the testimony of the vocational expert, who, when asked whether plaintiff could perform work in hypothetical questions, responded that he could not. This is the extent of plaintiff's argument.

Because the ALJ determined that plaintiff was not disabled at step four of the sequential evaluation process by concluding that plaintiff could perform his relevant past work as a shoe salesman, a cashier, a delivery driver, a sweeper, an exterminator and a sales clerk, expert testimony such as that of a VE becomes irrelevant. *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989). At step four of the sequential evaluation process, reliance on VE testimony is permissible but not required. *See id.* Under the case law, the ALJ was well within his discretion to rely on or disregard the testimony of the VE at step four. He disregarded it. That, he may do. This argument is without merit.

**3.      Whether the ALJ properly applied Medical-Vocational (Grid) Rule 202.18.**

Plaintiff maintains that the ALJ improperly applied Rule 202.18 to determine that he is not disabled. Rule 202.18 applies when a claimant is a "younger individual," has no more than a "limited" education, is "skilled or semiskilled" with no transferable skills, and can perform full range of light work. 20 C.F.R., pt. 404, subpt. P, app. 2, § 202.18. As to this argument, plaintiff states: "I DON'T CONCIDER (sic) MYSELF UNSKILLED. I WORKED FOR ORKIN & TERMINIEX PEST CONTROL COMPANY. TRY GETTING A LICENSE TO USE THOSE CHEMICALS."

As defendant correctly notes, plaintiff's statement here actually undermines his claim for disability because the ALJ concluded that plaintiff's past work as an exterminator is a *skilled*, light-level position. (Adm. Rec. at 17). Indeed, the ALJ also noted that plaintiff's past work as a shoe salesman, a cashier, a delivery driver and as a sweeper operator are classified as semi-skilled, light-level work and not "unskilled" work. Accordingly, the ALJ determined that plaintiff had at least one past relevant work position classified as a skilled position and did not find plaintiff unskilled, as plaintiff contends. Plaintiff advances no argument and cites to no evidence in the record to refute the ALJ's conclusion that he can perform skilled, past relevant work. Accordingly, this argument fails.

4.      **Whether substantial evidence supports the ALJ's conclusion that plaintiff failed to satisfy the requirements of Listing 1.04.**

Plaintiff notes that the ALJ concluded that he has degenerative disc disease. (Adm. Rec. at 12). Plaintiff contends that "AFTER LOOKING AT 20 CFR PART 404, SUBPART P, APPENDIX 1 LISTING 1.04 DISORDERS OF THE SPINE, DEGENERATIVE DISC DISEASE IS LISTED IN IT."

The Court finds that substantial evidence supports the ALJ's conclusion that plaintiff does not meet Listing 1.04. (*Id.* at 13-16). Listing 1.04 requires a disorder of the spine with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness), sensory or reflex loss, and positive straight leg raising test both sitting and supine. 20 C.F.R., pt. 404, subpt. P, app. 1, Listing § 1.04A.

During a December 5, 2008 laminectomy operation, Dr. Najeeb Thomas noted that there was "no compression externally on the nerve root," and "there was no compression all the way around the nerve." (Adm. Rec. at 14, 185). And while February 13, 2008 and January 15, 2009 consultative examinations reveal negative straight leg raising tests, a November 21, 2009 test by Dr. Jonathan Sanders showed a positive straight leg raising test on the right. (*Id.* at 164, 235, 382). August 2009 medical reports also reveal positive straight leg raising tests albeit with pain reported at 30 degrees. (*Id.* at 259). In addition, a December 8, 2008 treatment note reveals that plaintiff has "no limitation on range of motion of his lumbar spine (*id.* at 383) although August 2009 medical reports contradict this opinion. (*Id.* at 258-59). Another examination report reveals that plaintiff's lumbar range of motion is within normal limits. (*Id.* at 247). Notwithstanding these inconsistencies, it is well-established law that conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. There was evidence in the record to support findings of negative straight leg raising tests and that there was no compression on plaintiff's nerve root.

Numerous reports also reveal that plaintiff is able to ambulate normally without evidence of pain, that he can ambulate on his heels and toes without difficulty and that his gait is normal. (*Id.* at 247, 383). Plaintiff's activities of daily living are also inconsistent with an inability to ambulate or weakness. Plaintiff reported that he occasionally grocery shops, can make his bed, washes dishes, attends church, dresses and feeds himself and drives. (*Id.* at 16, 288). He also reported that he enjoys visiting his family and friends, *walking*, watching television and listening to the radio. (*Id.*).

The listings set out at 20 C.F.R., pt. 404, subpt. P, app. 1 (pt. A), are descriptions of various

physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a plaintiff to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*. Plaintiff has failed to meet this burden here. He points to no evidence in the record to refute the ALJ's conclusion that he does not meet Listing 1.04, and the Court finds that substantial evidence supports that conclusion.

## VI. CONCLUSION

Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's conclusions here. Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of October, 2012.

DANIEL E. KNOWLES, III
**UNITED STATES MAGISTRATE JUDGE**